UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL DARROW SUTTON,

    Petitioner,

    v.

ALAN UCHTMAN, WARDEN,

    Respondent.

No. 05 C 4303
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Michael Darrow Sutton seeks a writ of habeas corpus. He is serving a life sentence as an habitual criminal, which was levied after his 1997 conviction for armed robbery. His appeal challenged only the sufficiency of the evidence and was unsuccessful in the Appellate Court. His Petition for Leave to Appeal was denied by the Supreme Court on February 3, 1999. He filed a timely post-conviction petition, which centered around one basic claim: that he was found unfit for trial and was not given the timely discharge hearing mandated by 725 ILCS 5/122-23 et seq., which implements the holdings of *Jackson v. Indiana*, 406 U.S. 715 (1972) and the Donald Lang cases. *See, e.g.*, *People v. Lang*, 498 N.E.2d 1105 (1986); *People v. Lang*, 391 N.E.2d 350 (1979); *People v. Lang*, 587 N.E.2d 490 (Ill. App. Ct. 1992); and Ernest Tidyman, *Dummy* (1974).

Sutton claimed denial of due process on the grounds that he did not get the discharge hearing; the prosecution did not alert the trial court that the one-year deadline for a new hearing had arrived; the trial court did not admonish the prosecutor about the time limit for a discharge hearing; his continued institutionalization without the hearing transgressed his rights; the state court did not rule on or consider his motion for a hearing or hold a discharge hearing; the

prosecution misled the court to cause it to deny dismissal of the criminal charges for failure to give the discharge hearing; and, lastly, on the ground that appellate counsel was ineffective for failing to raise the issue on appeal.

The Circuit Court, after appointing counsel for Sutton,[1] denied the petition. Sutton's appeal of this ruling raised two basic arguments. First, he argued that post-conviction counsel was ineffective for failing to add a claim that appellate counsel was ineffective for failing to argue that the trial court had erroneously instructed the jury on the evaluation of eyewitness identification testimony; and, second, that appellate counsel was ineffective for failing to argue a denial of due process based on the absence of a timely discharge hearing. The Appellate Court affirmed in October 2004 and the Petition for Leave to Appeal was denied in January 2005. In that petition, Sutton made two arguments: his motion to dismiss for failure to have a timely discharge hearing should have been granted and appellate counsel was ineffective for failing to raise this ground.

His petition here raises a host of claims all centered again on the issue of the discharge hearing and the way it was dealt with by the state courts and his own lawyers. Sutton exhausted all of his state remedies; but, along the way, he defaulted quite a few of the grounds on which he stands here.[2] Claims brought to federal court must have been raised in the state courts and raised at each stage in the state courts up to and including the state's highest court. *O'Sullivan v.*

---

[1] Appointed counsel added an *Apprendi v. New Jersey*, 530 U.S. 466 (2000), claim to the petition.

[2] Sutton does not, and could not, on this record make a claim that default is excused on the grounds of actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995).

*Boerckel*, 526 U.S. 838 (1999); *Baldwin v. Reese*, 541 U.S. 27 (2004); *White v. Godinez*, 192 F.3d 607 (7th Cir. 1999).

Viewed as a whole, the only issue properly presented here is that appellate counsel was ineffective because he or she did not argue that by failing to conduct the timely discharge hearing as required by statute, Sutton was denied due process of law. Sutton's argument that the state courts did not properly deal with this issue is not forfeited. It does not constitute a separate claim, however; it is just an assertion of error in the decision of his discharge hearing claim. While the default of his remaining claims seems substantial, the core of his petition is still before this Court: his complaint that the discharge hearing law was ignored to his constitutional detriment and that appellate counsel wrongfully ignored this violation of due process.

The state courts rejected this claim and, by virtue of an Act of Congress, Sutton must live with that rejection unless I find that the state courts reached their decision by an unreasonable application of Supreme Court precedent, by failing to follow Supreme Court precedent or by making an unreasonable determination of facts in light of the evidence in the state courts. The facts found by the state court are deemed correct unless clearly and convincingly shown to be wrong. In short, a "plausible" decision of the state courts will stand even if the habeas court disagrees with it. *Jackson v. Frank*, 348 F.3d 658 (7th Cir. 2003)

Sutton was well served by his counsel on post-conviction appeal. Counsel argued the best case for his client in a thoughtful brief citing appropriate precedent. The Appellate Court,

after briefly summarizing the facts,[3] analyzed Sutton's due process and ineffective assistance claim.

The Court first chronicled Sutton's fitness for trial. Sutton was found unfit and remanded to mental health custody in April 1993. Roughly one year later he was scheduled for a discharge hearing, but the hearing never occurred. In December 1993, the trial court was told Sutton was fit, but in July and August of the following year doctors informed the court that Sutton was again unfit for trial. Sutton's second fitness hearing took place in September 1994, at which time the parties agreed that Sutton was unfit. Sutton was remanded to mental health custody.

Reports filed in March and April 1995 indicated that Sutton was fit to stand trial and was also malingering. In April 1995, Sutton demanded a discharge hearing. By June 1996, there were several reports that Sutton was fit and malingering and one which said he was unfit. Sutton filed a motion asking that the charges be dismissed for failure to hold a hearing on the theory that failure to hold a hearing caused a loss of jurisdiction. The trial court denied the motion. Sutton took an interlocutory appeal but eventually moved to dismiss his own appeal. In April 1997, Sutton was found fit and was subsequently tried and convicted.

The Appellate Court then analyzed, correctly, the rules established by *Jackson v. Indiana*, and the Illinois judicial and legislative response to those rules. The court also considered state

---

[3]Sutton entered an ice cream store where two teen-aged girls were working, pointed a knife at one of them and told her to give him money, which she did. He then left the store. While he was leaving an incoming customer was told of the robbery. The customer followed Sutton and watched him get into a tan Saab. One of the girls called the police and gave a description of Sutton. The customer also gave a description and told police about the Saab. A police officer spotted the Saab, which did not stop at a police command. The officer gave chase. During the chase the Saab was driven into a restaurant, and Sutton attempted to flee on foot before he was arrested. Police discovered $146 in cash in his pocket and found a knife in his car. The owner of the ice cream store stated that $147 was lost in the robbery.

precedent including one case[4] in which a case was dismissed after an "unexcused six-year delay between the entry of judgment against an insanity acquitee and the hearing on his mental condition at the time of confinement." It distinguished this precedent by noting that it involved a person who had been acquitted of the charge and never civilly committed and whose long-delayed hearing was never justified. In Sutton's case there was no acquittal, reports were made regularly, the defense itself continued the case and the delays were not excessive. Other state precedent established that the denial or delay in a hearing does not deprive the court of jurisdiction and the remedy is to hold the hearing, not to dismiss the charge.[5]

The Appellate Court opined that dismissal was not the proper remedy in Sutton's case. Case law then (and now) does not support the proposition that dismissal of the charge is a proper remedy for a tardy discharge hearing. For this reason, the Appellate Court held that counsel's failure to argue on direct appeal that the lack of a discharge hearing required dismissal was not ineffective.

This conclusion violates no Supreme Court precedent. The closest analogue to this issue are the cases in which a preliminary hearing is denied. The rule in that situation is that dismissal of the charge with prejudice is not justified by such a denial. *People v. Holman*, 469 N.E.2d 119 (1984). The Supreme Court decision in *Gerstein v. Pugh*, 420 U.S. 103 (1975) does not require dismissal of charges for failure to give a preliminary hearing. If the right to a hearing is violated, the prisoner has a right to be released but not the right to have the charges dismissed.

---

[4]*Turner v. Campagna*, 667 N.E.2d 683 (Ill. App. Ct. 1996).

[5]*See People v. Lavold*, 635 N.E.2d 919 (Ill. App. Ct. 1994); *Barichello v. Campagna*, 657 N.E.2d 1138 (Ill. App. Ct. 1995).

What Sutton may have been entitled to was to be released from mental health custody pending civil commitment or a bond hearing (if he were fit to stand trial), but he did not seek habeas corpus then in either state or federal court. He may even have been entitled to injunctive relief in federal court under various civil rights laws had he filed a lawsuit when his hearing was delayed. If he could find a responsible defendant who was not protected by absolute or qualified immunity he might have had a suit for damages (though, by now, the statute of limitations on such a suit has expired). The one thing Sutton cannot attack is the state court judgment of conviction under which he is in prison for life. In fact, he does not even attack his conviction in any respect, he attacks only his pre-trial detention for mental status reasons and so has no right to release.

For these reasons, the writ of habeas corpus is denied.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: August 31, 2006